OPINION OF THE COURT
Emanuel Haber, J.
This is a summary holdover proceeding wherein petitioner landlord claims that respondent tenant violated a substantial obligation of her tenancy by installing a washing machine in the subject apartment without landlord’s permission, in contravention of paragraph 5 (c) of the lease, which reads in pertinent part, "Tenant shall not install any dishwasher, clothes washing or drying machines * * * without written *677 permission of the Owner.” The washing machine in question is described as a portable one, which operates by means of a simple hose connection to a sink faucet.
Tenant maintains that because her machine was not permanently connected to the plumbing of the apartment, there was no violation of the lease.
The parties have agreed that this matter be decided upon landlord’s and tenant’s memorandum of law.
Respondent argues that the word "install” in paragraph 5 (c) should be interpreted to mean permanent installation requiring disconnection of pipes, alterations of and additions to the building’s fixtures, and other complex procedures requiring the services of a plumber. The court disagrees with that interpretation. The natural meaning of the word "install” in common usage is simply "to put in place.” No special degree of permanence is necessarily implied. It is the opinion of this court that the intent of the landlord and the spirit of the lease provision was to address the presence of washing machines in individual apartments, and not the method of hook-up of such machines. There is nothing to indicate that the parties intended the word "install” to import anything other than its most simple meaning. Absent proof to the contrary, common sense dictates, and the court finds, that paragraph 5 (c) prohibits the putting in place for use of a washing machine. Tenant has violated this provision of the lease by bringing a washing machine into her apartment and making use of the plumbing facilities to operate it.
Tenant’s contention that the lease was not violated because although it proscribes installation, it does not forbid use, is untenable. The court notes that a washing machine must first be installed before it can be used, and the most natural and logical meaning of paragraph 5 (c), with its prohibition against installation, is that landlord does not want tenants to use washing machines in their individual apartments.
Tenant also asserts that the lease has not been violated, because landlord does not claim that tenant’s use of the washing machine created a nuisance. There is no requirement, however, that a nuisance be proved or alleged before a violation of a substantial obligation of the tenancy can be found (see, Gerstein and Fribourg, New York Practice Guide: Real Estate § 27.04 [9]). It is enough that tenant violated a specific, express provision of the lease. The prohibition of paragraph 5 (c) of the lease addresses the legitimate concern of landlord for *678 the proper maintenance and care of the building’s plumbing system. The landlord is not obliged to wait and see if a sufficient number of tenants hook up washing machines and overburden the plumbing. The purpose of a provision like the one in paragraph 5 (c) of the lease is to forestall the occurrence of such an event.
The court finds that tenant, by installing in her apartment a washing machine, albeit a "portable” one, has significantly breached a substantial obligation of her tenancy.
Accordingly, petitioner is awarded a final judgmeiit of possession. Since tenant states that she has ceased use of the washing machine, the issuance of the warrant of eviction is stayed 10 days from the date of service of this order on tenant to offer her the opportunity to cure the violation by removing the washing machine from the subject apartment.